Case 7-

# Jac

> Defendants' request for leave to move to dismiss Plaintiff's Complaint is granted. In light of Plaintiff's *pro se* status, the Court's pre-motion conference requirement is hereby waived.
>
> Defendants shall file their notice of motion and opening brief by February 25, 2022; Plaintiff shall file his opposition brief by March 28, 2022; Defendants shall file their reply brief by April 11, 2022.
>
> Moreover, in light of the Second Circuit's dismissal of Plaintiff's appeal in Case No. 17-CV-02810 (Doc. 49-1), this case is no longer stayed. Accordingly, Plaintiff's motion to vacate the Court's March 30, 2021 Order staying this case (Doc. 48) is denied as moot.
>
> Defendants are directed to serve a copy of this Order on Plaintiff and to file proof of service on the docket.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 48.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> January 26, 2022

Januar

**VIA E**

The Ho
United
United
500 Pe
New Y

Re: Kamdem-Ouaffo v. Balchem Corporation, et al,
<u>Case No.: 7:19-cv-09943</u>

Dear Judge Halpern:

In accordance with Your Honor's December 27, 2021 Order [ECF No. 50] and Individual Practice Rules 4(C) and 2(C), Defendants respectfully request permission to renew their Federal Rule of Civil Procedure 12(b)(6) Motion To Dismiss Plaintiff Pro Se's Complaint for failure to state a claim because the claims set forth in this action are duplicative of those asserted and dismissed in District Court Case No. 12-CV-2810 ("Action I").

I. **Action I**

On April 14, 2017, Plaintiff Pro Se commenced Action I against Balchem Corporation, Gideon Oenga, Robert Miniger,[1] Renee McComb, Theodore Harris, John Kuehner, Travis Larsen, and Michael Sestrick in the Southern District of New York. Plaintiff Pro Se amended his Complaint in Action I on September 9, 2017 and October 12, 2018. On June 27, 2019, the Court dismissed, with prejudice, Plaintiff Pro Se's Second Amended Complaint except for: (1) Plaintiff Pro Se's First and Second Causes of Action against Balchem Corporation alleging religious discrimination and retaliation under Title VII; (2) Plaintiff Pro Se's Thirteenth and Fourteenth Causes of Action against all Defendants alleging religious discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"); and (3) Plaintiff Pro Se's Sixteenth Cause of Action against individual Defendants alleging tortious interference with prospective economic advantage.

---

[1] Mr. Miniger is deceased.

**JacksonLewis**

Honorable Philip M. Halpern
January 12, 2022
Page 2

On November 2, 2020, Defendants filed a Motion For Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2), which sought dismissal of this case and other sanctions as the District Court deemed appropriate based on Plaintiff Pro Se's willful refusal to comply with and violation of the Court's October 1, 2020 Order. On December 23, 2020, Magistrate Judge Paul E. Davidson issued a Report and Recommendation, which recommended the following: (1) the sanction of Plaintiff Pro Se for his intentional violation of Court Orders, (2) the sanction of dismissal with prejudice was an appropriate sanction given Plaintiff-Appellant's conduct, and (3) the assessment of Plaintiff with the costs and attorneys' fees incurred by Defendants in connection with Plaintiff Pro Se's failure to appear for his scheduled deposition on October 13, 2020. Your Honor adopted the Report and Recommendation in its entirety on March 23, 2021.

Plaintiff-Appellant filed a Notice of Appeal in the Court of Appeals for the Second Circuit on March 23, 2021, Case No. 21-653. On December 16, 2021, the Second Circuit Court of Appeals issued a decision dismissing Plaintiff Pro Se's appeal. The Second Circuit Court of Appeals dismissed Plaintiff Pro Se's appeal "because it 'presents no arguably meritorious issue for our consideration.'"

## II.     Action II

On October 25, 2019, Plaintiff Pro Se filed the present action against Balchem Corporation, Gideon Oenga, Robert Miniger, Renee McComb, Theodore Harris, John Kuehner, Travis Larsen, Michael Sestrick, and John/Jane Does asserting duplicative causes of action against the same Defendants for religious discrimination, retaliation and tortious interference with prospective economic advantage as those asserted in Action I ("Action II").

On September 21, 2020, Defendants moved to dismiss Action II pursuant to Federal Rule 12(b)(6) because the claims are duplicative of those asserted in Action I [ECF No. 26]. On October 27, 2020 Plaintiff Pro Se opposed Defendants' motion and cross-moved to convert Defendants' motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure [ECF No. 35].

On March 30, 2021, in light of the pending Second Circuit appeal in Action I, Your Honor stayed the proceedings in Action II, denied Defendants' motion to dismiss and Plaintiff's cross motion to convert the motion to dismiss into a motion for summary judgment, without prejudice to renew after the appeal in Action I was resolved [ECR No. 46].

Defendants notified this Court of the Second Circuit Court of Appeals dismissal of Plaintiff Pro Se's appeal on December 20, 2021 [ECF No. 49].

**JacksonLewis**

Honorable Philip M. Halpern
January 12, 2022
Page 3

### III. Action II Is Barred By Res Judicata

Because the claims asserted in Action II are duplicative of the claims dismissed in Action I, Action II is barred by res judicata. The doctrine of res judicata "bars the subsequent litigation of any claims that were or could have been raised in a prior action." Citigroup, Inc. v. Abu Dhabi Inv. Auth., 776 F.3d 126, 128 n.1 (2d Cir. 2015). Even if Action II contains claims not included in Action I, any additional claims in Action II could have been asserted in Action I because they arise from the same nucleus of operative fact and would still be barred by res judicata. Soules v. Connecticut, 882 F.3d 52, 55 (2d Cir. 2018).

Consistent with Your Honor's March 30, 2021 Order [ECF No. 46] and in light of the Second Circuit Court of Appeals dismissal of Plaintiff Pro Se's appeal in Action I, Defendants respectfully request permission to renew their Motion To Dismiss Plaintiff Pro Se's Complaint.

Respectfully submitted,

*Mary A. Smith*

Mary A. Smith
Principal
(914) 872-6907 Direct
Mary.Smith@jacksonlewis.com
Jackson Lewis P.C.

cc: Plaintiff Pro Se
    Joseph J. DiPalma, Esq.

4874-7647-7448, v. 1