UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY KAMDEM-OUAFFO,

               Plaintiff,

       -against-

BALCHEM CORPORATION, et al.,

               Defendant.

**MEMORANDUM OPINION
AND ORDER**

19-CV-09943 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Ricky Kamdem-Ouaffo ("Plaintiff") brings this action against Balchem Corporation, Gideon Oenga, Bob Miniger, Renee McComb, Theodore Harris, John Kuehner, Travis Larsen, Michael Sestrick, and John/Jane Does (collectively, "Defendants"). Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and New York State Human Rights Law ("NYSHRL"), as well as a claim for "tortious interferences." Because Plaintiff's claims are duplicative of those already dismissed in a previous action, and this new action is clearly an attempt to circumvent a court order prohibiting him from re-pleading those dismissed claims, this action is dismissed with prejudice.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts alleged in this case, as they are essentially identical to the facts already alleged and described in detail in Judge Karas's prior decisions. (Original Action, Docs. 36, 48). Accordingly, the Court will only wade into the facts and procedural history as necessary to resolve this motion.

On April 14, 2017, Plaintiff commenced an action against Defendants[1] captioned *Kamdem-Ouaffo v. Balchem Corporation, et al.*, No. 17-CV-02810 (S.D.N.Y. 2017) ("Original Action").[2] Plaintiff's second amended complaint[3] in the Original Action asserted eighteen claims for relief, including claims under Title VII, NYSHRL, and a claim for tortious interference. (Original Action, Doc. 37). On June 27, 2019, Judge Karas[4] granted in part and denied in part Defendants' motion to dismiss the second amended complaint. (Original Action, Doc. 48). The claims that Judge Karas dismissed were dismissed with prejudice, as he determined that any "further amendment" of those claims "would be futile." (*Id.* at 22). Following a request by Plaintiff to amend his complaint for a third time to add new claims, on September 10, 2019, Judge Karas denied Plaintiff's request, reasoning that:

> Plaintiff has already taken multiple bites at the apple, and the Court has already written two opinions addressing motions to dismiss. Plaintiff has offered no persuasive reason he did not bring these putative claims sooner. Further, Plaintiff is not otherwise amending; the claims previously dismissed were dismissed with prejudice, and the parties are now moving on to mediation and a possible motion for summary judgment.

(Original Action, Doc. 66). A little over a month later, on October 25, 2019, Plaintiff commenced this action by filing a complaint that is essentially identical (in terms of the factual allegations and claims asserted) to the second amended complaint filed in the Original Action. (*Compare* Doc. 2, *with* Original Action, Doc. 37).

---

[1] The Defendants named in this action—except for the John/Jane Does—are the same as those named in the Original Action.

[2] References to the Original Action docket are cited as "Original Action, Doc. __."

[3] Plaintiff filed his original complaint on April 14, 2017, his first amended complaint on September 19, 2017, and his second amended complaint—the operative pleading in the Original Action—on October 12, 2018. (Original Action, Docs. 1, 24, 37).

[4] The Original Action was reassigned to this Court on April 16, 2020. (Min. Entry Apr. 16, 2020).

On December 23, 2020, Magistrate Judge Davison issued a Report and Recommendation in the Original Action, in which he recommended to this Court that the Original Action be dismissed with prejudice due to Plaintiff's discovery misconduct, including his failure to appear for his court-ordered October 13, 2020 video deposition. (Original Action, Doc. 225). On March 23, 2021, this Court issued an order adopting Magistrate Judge Davison's Report and Recommendation in its entirety, thereby dismissing the Original Action with prejudice. (Original Action, Doc. 244). That same day, Plaintiff filed a notice of appeal from the dismissal order. (Doc. 245). The Second Circuit dismissed his appeal on December 16, 2021, "because it 'present[ed] no arguably meritorious issue for [their] consideration.'" (Doc. 65-6 (quoting *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (per curiam)). On January 18 and 19, 2022, Plaintiff filed motions under Rules 60(a) and (b), again seeking to overturn the dismissal order. (Docs. 256-59). The Court denied those motions on April 4, 2022. (Doc. 274).

On February 24, 2022, Defendants moved to dismiss Plaintiff's complaint in this action. (Doc. 63; Doc. 64; Doc. 65). On March 10, 2022, Plaintiff filed a letter that the Court construes as his opposition. (Doc. 66).[5]

## **STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to consider dismissing a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the

---

[5] As of the date of this Memorandum Opinion and Order, Defendants' reply—which is due April 11, 2022—has not yet been filed. The Court, however, deems Defendants' reply unnecessary to resolve this motion and, therefore, deems the motion fully submitted.

ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, a court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading

4

requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

I.   Plaintiff's Claims are Duplicative and Barred by Res Judicata

Plaintiff's complaint in this action, which is duplicative of his second amended complaint in the Original Action, is dismissed on two independent grounds.

First, it is axiomatic that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Here, the facts alleged in Plaintiff's complaint are essentially identical to those pled in the second amended complaint in the Original Action. For instance, the second amended complaint in the Original Action alleges that:

> Although the project that Plaintiff developed at Balchem Corporation remains 'Active' as recently testified under oath by the CTO of Balchem Corporation, namely Mr. Michael Sestrick in and [sic] Affidavit before this Court, Plaintiff has re-applied for work at Balchem Corporation and Balchem has not even called Plaintiff for interview and has opposed the rehiring of Plaintiff.

(Original Action, Doc. 37 ¶¶ 77, 160, 221, 257, 292, 327). Nearly the same exact allegation appears in Plaintiff's complaint in this action. (Doc. 2 ¶¶ 82, 146, 177, 208, 250, 292, 333, 374). When faced with this type of copy/paste litigation, courts in this district have routinely dismissed the later-filed action asserting duplicative claims.

For instance, in *Grimes-Jenkins v. Consolidated Edison Company of New York, Inc.*, the plaintiff's complaint "largely mirror[ed]" his second amended complaint in his first-filed action. No. 18-CV-01545, 2019 WL 1507938, at *4 (S.D.N.Y. Apr. 5, 2019). Although the plaintiff asserted "a handful of new allegations, most of them [were] premised on conduct occurring before [his first action] was filed, and which, therefore, should have been asserted then." *Id*. Therefore, the court dismissed the second case as duplicative, reasoning that the plaintiff was "not entitled to another bite at the apple simply because [she] ha[d] repackaged various claims . . . ." *Id*. (citation omitted, second alteration added).

Here, as in *Grimes-Jenkins*, Plaintiff's complaint is a "blatant attempt to replead" his claims that were dismissed with prejudice in the Original Action. *Id*. at *4 (citation omitted). Because this action "involves essentially the same factual background and legal questions as those presented in" the Original Action, it is duplicative and cannot proceed further. *Id*. (citation omitted).

Second, in addition to being duplicative, Plaintiff's claims in this action are barred by the doctrine of res judicata. Res judicata "bars the subsequent litigation of any claims that were or could have been raised in a prior action." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 128 n.1 (2d Cir. 2015). "The doctrine applies only if (1) there is a previous adjudication on the merits; (2) the previous action involved the party against whom *res judicata* is invoked or its privy; and (3) the claims involved were or could have been raised in the previous action." *Swiatkowski v.*

6

*Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (cleaned up), *aff'd*, 446 F. App'x 360 (2d Cir. 2011). All three elements are satisfied here.

First, the dismissal of Plaintiff's second amended complaint in the Original Action under Federal Rule of Civil Procedure 37 was an adjudication on the merits. *See Nasser v. Isthmian Lines*, 331 F.2d 124, 128 (2d Cir. 1964); *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578, 2021 WL 3721349, at *4 (S.D.N.Y. Aug. 20, 2021) ("[D]ismissal pursuant to . . . [Rule] 37 is an adjudication on the merits."); *Snyder v. Yonkers Pub. Sch. Dist.*, 315 F. Supp. 2d 499, 502 (S.D.N.Y. 2004) ("The dismissal of an action, with prejudice, for failure to comply with discovery orders is a judgment on the merits.").

Second, the second amended complaint in the Original Action and the complaint in this action involve identical parties, and therefore, res judicata applies. *See Sinicropi v. Nassau Cty.*, 601 F.2d 60, 62 (2d Cir. 1979) ("Since the parties are identical, appellant's suit is barred by res judicata."); *see also Denny v. Ford Motor Co.*, 959 F. Supp. 2d 262, 269 (N.D.N.Y. 2013) (dismissing fraud claims on res judicata grounds where "the parties are identical"). Plaintiff's addition of John/Jane Does as defendants in this action does not alter this conclusion. *See Winnie v. Durant*, No. 20-CV-00502, 2021 WL 1999782, at *4 (N.D.N.Y. May 19, 2021) ("[A] party's Jane or John Doe status does not prevent them from establishing privity for the purposes of *res judicata*.").

Third, the claims and facts alleged in this action largely mirror those in Plaintiff's second amended complaint in the Original Action. Indeed, both pleadings allege that Plaintiff suffered harassment during his period of employment from April 2015 to August 2016, that he was wrongfully terminated, and that he was not re-hired. (*Compare* Doc. 2, *with* Original Action, Doc.

37). The complaint in this action does not contain any claims or factual allegations that were not, or could not have been, included in the second amended complaint in the Original Action.

Accordingly, Plaintiff's claims in this action are dismissed as duplicative and barred by res judicata.

II.    Warning of Injunction Against New Actions Filed by Plaintiff

Between Plaintiff's multiple amendments to his complaint in the Original Action, his subsequent Second Circuit appeal, and his motions for reconsideration in the Original Action, he has now had enough bites at the apple to have chewed through the core.

Plaintiff is cautioned, in light of his repeated filings involving the same claims and facts, that "[a]n injunction against future lawsuits is an available remedy in appropriate circumstances and has been applied where litigants file repeated lawsuit relating to the same case." *Edwards v. Barclays Servs. Corp.*, No. 19-CV-09326, 2020 WL 2087749, at *7 (S.D.N.Y. May 1, 2020) (collecting cases), *adopted by* 2020 WL 3446870 (S.D.N.Y. June 24, 2020). The authority to enjoin litigants arises from the All Writs Act, 28 U.S.C. § 1651(a), *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23-24 (2d Cir. 1986) (collecting cases), as well as the inherent authority of the court, *see Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004) ("When a plaintiff files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future.") (collecting cases). Not only does the court have the right to enjoin a vexatious litigant, but the Second Circuit has found that "[f]ederal courts have . . . the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984); *see also Lacy*, 317 F. Supp. 2d at 449 ("[T]he Court has a constitutional duty to enjoin the filing of frivolous lawsuits in order to preserve judicial resources when the plaintiff

is likely to file more suits in the future and non-injunctive relief would be ineffective.") (citation omitted).

The Court is cognizant of Plaintiff's *pro se* status, and it has construed all of his filings liberally. Nevertheless, the Court warns Plaintiff that future filings involving similar claims, facts, issues, and parties, will not be tolerated. Should Plaintiff persist in his course of conduct, "the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may invite an application to dismiss the case with prejudice." *Kapsis v. Brandveen*, No. 09-CV-01352, 2009 WL 2182609, at *3 (E.D.N.Y. July 20, 2009).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's complaint is dismissed with prejudice.[6]

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 51 and Doc. 63 and close this case.

SO ORDERED:

Dated: White Plains, New York
       April 8, 2022

_____
Philip M. Halpern
United States District Judge

---

[6] *See, e.g., Snyder*, 315 F. Supp. 2d 499, 503 (dismissing *pro se* plaintiff's complaint with prejudice on res judicata grounds); *Rene v. Jablonski*, No. 08-CV-03968, 2009 WL 2524865, at *8-10 (E.D.N.Y. Aug. 17, 2009) (Bianco, J.) (same).

9