UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY KAMDEM-OUAFFO,

Plaintiff,

-against-

BALCHEM CORPORATION, et al.,

Defendants.

**OPINION & ORDER**

19-CV-09943 (PMH)

PHILIP M. HALPERN, United States District Judge:

Ricky Kamdem-Ouaffo ("Plaintiff") brought this action against Balchem Corporation, Gideon Oenga, Bob Miniger, Renee McComb, Theodore Harris, John Kuehner, Travis Larsen, Michael Sestrick, and John/Jane Does (collectively, "Defendants"), asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and New York State Human Rights Law ("NYSHRL"), as well as a claim for "tortious interferences." (Doc. 2, "Compl."). The Court, on Defendants' motion, dismissed Plaintiff's Complaint with prejudice on April 8, 2022, because "Plaintiff's claims are duplicative of those already dismissed in a previous action [*Kamdem-Ouaffo v. Balchem Corp., et al.*, 17-CV-02810, "Original Action"], and this new action is clearly an attempt to circumvent a court order prohibiting him from re-pleading those dismissed claims." (Doc. 70, "Prior Order").[1]

On April 8, 2022, the same day the Prior Order was entered, Plaintiff moved under Federal Rule of Civil Procedure 59(a)(2) and Local Civil Rule 6.3 for "clarification, re-argument, or reconsideration" of the Court's decision dismissing his case. (Doc. 72; Doc. 73, "Pl. Br."). Plaintiff filed a reply memorandum of law in further support of his motion on April 20, 2022, before

[1] The Prior Order is also available on commercial databases. *See Kamdem-Ouaffo v. Balchem Corp.*, No. 19-CV-09943, 2022 WL 1081994 (S.D.N.Y. Apr. 8, 2022).

Defendants had filed any opposition. (Doc. 75, "Reply"). Defendants, on direction from the Court, opposed Plaintiff's motion on April 28, 2022. (Doc. 79, "Opp. Br.").

Rule 59(a)(2) allows a party to move for a new trial "[a]fter a nonjury trial" has concluded and is plainly inapplicable to this case which, *inter alia*, never went to trial. Moreover, although Plaintiff describes his motion as also seeking "clarification and/or re-argument," (Pl. Br. at 11), "a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Bank of N.Y. Mellon, London Branch v. Cart 1, Ltd.,* No. 18-CV-06093, 2021 WL 2358695, at *1 (S.D.N.Y. June 9, 2021) (internal citation omitted). Plaintiff's motion seeks instead to reinstate his case and is, accordingly, properly construed only as a motion for reconsideration.[2]

Given the extensive litigation history in this matter, the Court assumes the parties' familiarity with the factual background and procedural history of the case and recites only that which is germane to Plaintiff's instant motions. For the reasons stated herein, Plaintiff's motion is DENIED.

## STANDARD OF REVIEW

"A motion for reconsideration is governed by Local Civil Rule 6.3." *Senisi v. John Wiley & Sons, Inc.*, No. 13-CV-03314, 2016 WL 1045560, at *1 (S.D.N.Y. Mar. 15, 2016). Such a motion under Local Civil Rule 6.3 or Fed. R. Civ. P. 59(e) "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that

[2] Defendants read Plaintiff's motions as seeking reconsideration, albeit under Federal Rule of Civil Procedure 59(e), which provides for "motion[s] to alter or amend a judgment." As Defendants point out, "[t]he standard for a motion to alter or amend a judgment under Rule 59(e) . . . is the same as the standard for a motion for reconsideration under Local Civil Rule 6.3." *Worldcom, Inc. v. Voice Plus Int'l, Inc.*, No. 97-CV-08265, 2000 WL 274182, at *1 (S.D.N.Y. Mar. 13, 2000). Thus, the Court's analysis under Rule 6.3, which Plaintiff references explicitly in each notice of motion, applies equally to the extent Plaintiff's motion could have been brought under Rule 59(e). In any event, the Court will consider Plaintiff's motions under Fed. R. Civ. P. 59(e) as well.

might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)); *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.") (quotation removed). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . ."). Moreover, a motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009). "Ultimately, the decision as to whether or not to grant a motion for reconsideration is entrusted to the district court's sound discretion." *Senisi*, 2016 WL 1045560, at *1.

**ANALYSIS**

The Prior Order: (i) dismissed Plaintiff's Complaint as a duplicative lawsuit; (ii) dismissed Plaintiff's Complaint on *res judicata* grounds; and (iii) warned Plaintiff he could be enjoined from

filing future frivolous lawsuits. Plaintiff seeks reconsideration of each branch of the Prior Order and the Court will address them separately.

I. First Branch: Plaintiff's Complaint is Duplicative

The Court found in the Prior Order that "[b]ecause this action 'involves essentially the same factual background and legal questions as those presented in' the Original Action, it is duplicative and cannot proceed further." (Prior Order at 6 (quoting *Grimes-Jenkins v. Consolidated Edison Company of New York, Inc.*, No. 18-CV-01545, 2019 WL 1507938, at *4 (S.D.N.Y. Apr. 5, 2019)); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). Specifically, the Prior Order considered that, on September 10, 2019, Judge Karas denied Plaintiff leave to file a third amended complaint in the Original Action and Plaintiff—a little over a month later—filed the instant action with "essentially identical" factual allegations and claims asserted. (Prior Order at 2). At the time of filing, the Complaint in this action was duplicative and thus improper.

Plaintiff argues with respect to the duplicative nature of this Action that the claims in this action do not mirror the claims in the Original Action because his "failure to rehire" claim arose later and that his receipt of an Equal Employment Opportunity Commission ("EEOC") right to sue letter on July 26, 2019 entitled him to file a new action.

Plaintiff, subsequent to the filing of the Original Action, filed a complaint with the EEOC under federal charge number 16GB801267. (Doc. 2 at 21). That complaint alleged, *inter alia*, that Defendants refused to rehire Plaintiff for job openings that he applied for after being terminated. (*Id.* at 22-24). The EEOC notified Plaintiff on July 23, 2019 that his charge was dismissed and issued him a right to sue letter. (*Id.* at 10). Plaintiff argues that because his failure to rehire claim

was based on a right to sue letter that he did not receive until after the second amended complaint in the Original Action was filed on October 12, 2018, the instant action is not duplicative.

Plaintiff, however, *did* raise "failure to rehire" claims in the Original Action. (*See, e.g.* Original Action Doc. 37 at 14 ("Plaintiff has also applied for other science jobs that Balchem Corporation posted on public website for expertise that Plaintiff has, but Balchem Corporation has opposed calling Plaintiff for interview and Plaintiff was not even called for interview."). Indeed, the Court explicitly considered in the Prior Order that "both pleadings allege that Plaintiff suffered harassment during his period of employment from April 2015 to August 2016, that he was wrongfully terminated, *and that he was not re-hired*." (Prior Order at 7 (emphasis added)). The alleged failure to rehire in this case constitutes the same failure to rehire claim considered in the Original Action because the circumstances of Plaintiff's dismissal and Defendants' decision not to rehire arose from the same set of facts and circumstances. Defendants made the decision not to rehire Plaintiff once. That Plaintiff repeatedly attempted to gain employment thereafter does not generate new failure to rehire claims each and every time he sought reinstatement. *See Robinson v. Purcell Const. Corp.*, 647 F. App'x 29, 30 (2d Cir. 2016) ("Regardless of whether [Plaintiff's] discharge is called a layoff, termination, firing, or failure to rehire, the fact remains that the circumstances surrounding Plaintiff's termination . . . were fully adjudicated.").

Nor does Plaintiff's receipt of an EEOC right to sue letter on July 23, 2019 relating to his failure to rehire claim render this claim non-duplicative. Receipt of an EEOC right to sue letter is a prerequisite to filing suit in federal court designed to ensure the exhaustion of administrative remedies, not a representation as to the validity of the contemplated claims. Indeed, the EEOC letter is entirely irrelevant to whether Plaintiff's claims are duplicative. *See, e.g. Jemmott v. Metro.*

*Transit Auth.*, No. 13-CV-02665, 2014 WL 2120357 (E.D.N.Y. May 21, 2014) (dismissing employment discrimination claims as duplicative despite Plaintiff's EEOC right to sue).

Plaintiff's claims in this action are duplicative of those in the Original Action and his argument with respect to the EEOC right to sue letter lacks merit. Plaintiff's motion to reconsider the first branch of the Prior Order is, accordingly, denied.

II. Second Branch: *Res Judicata*

The Prior Order next held that "in addition to being duplicative, Plaintiff's claims in this action are barred by the doctrine of *res judicata*." (Prior Order at 6). Specifically, the Court held that: (i) the dismissal of the Original Action was an adjudication on the merits; (ii) the instant action and the Original Action involved identical parties; and (iii) the claims and facts in the instant action largely mirrored those of the Original Action. (*Id.* at 7). Once Plaintiff's claims were dismissed with prejudice in the Original Action, the identical claims asserted in this action were barred by *res judicata*.

Plaintiff raises two arguments relevant to the application of *res judicata*: (i) his receipt of the July 23, 2019 EEOC right to sue letter prevents its application; and (ii) the Order dismissing the Original Action is void. Neither argument warrants reconsideration of the Prior Order.

a. The EEOC Right to Sue

Plaintiff's receipt of an EEOC right to sue letter, just as it does not render his claims non-duplicative, does not bestow upon him the right to avoid application of *res judicata*. *See Mulero v. Hartford Bd. of Educ.*, No. 05-CV-00630, 2006 WL 752852, at *2 (D. Conn. Mar. 20, 2006) ("Plaintiff's receipt of a [right to sue] letter from the Justice Department subsequent to an action in which final judgment on the merits has been rendered does not mean that Plaintiff is now given the right to re-file that action; the doctrine of *res judicata* is not so easily avoided.").

Plaintiff attempted to replead *duplicative* claims in the Original Action after multiple rounds of dispositive motion practice. Judge Karas, recognizing this strategy, denied Plaintiff leave to file a third amended complaint in the Original Action because "Plaintiff ha[d] already taken multiple bites at the apple." (Original Action, Doc. 66 at 2). That Judge Karas denied leave to amend did not open the door to a new suit on those duplicative claims. *Robinson*, 647 F. App'x at 30 ("Regardless of whether a plaintiff attempts to bring the additional claims in an initial suit, and regardless of whether plaintiff meets with success in that attempt, the *res judicata* bar is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event.") (internal quotation omitted). Receipt of the July 23, 2019 EEOC right to sue letter does not change this result.

b. Dismissal of the Original Action

Plaintiff's second argument is that the dismissal of the Original Action was invalid because it somehow prejudiced his due process rights in that case. A voided dismissal of the Original Action, according to Plaintiff, would presumably invalidate the Prior Order's finding with respect to the first element of *res judicata*, previous adjudication on the merits.

Plaintiff's incongruous theories of "fraud on the court" and "the doctrine of the ends justify the means" have been the subject of considerable letter-writing in the Original Action. (*See, e.g.* Original Action Docs. 279-285; Docs. 293-306). Those theories are, however, simply without merit. Plaintiff failed to establish a fraud on the court in either the Original Action or this one; his argument that he did not receive notice that he would be sanctioned for skipping a court-ordered deposition is contradicted by Magistrate Judge Davison's repeated warnings to that effect. (*See, e.g.* Original Action Doc. 173; Doc. 194). The "doctrine" of the ends justify the means is not a legal theory known to this Court and, in any event, has no applicability to this case or to the

Original Action. The dismissal of the Original Action was entirely valid, was a previous adjudication on the merits, and supports the application of *res judicata* here.

Plaintiff again fails to meet the strict burden required of him on a motion of this type and, therefore, his argument does not warrant reconsideration.

III. Third Branch: Reconsideration of the Injunction Warning

The Court, in the Prior Order, warned Plaintiff that "[a]n injunction against future lawsuits is an available remedy in appropriate circumstances and has been applied where litigants file repeated lawsuit relating to the same case." (*Id.* (quoting *Edwards v. Barclays Servs. Corp.*, No. 19-CV-09326, 2020 WL 2087749, at *7 (S.D.N.Y. May 1, 2020) (collecting cases), *adopted by* 2020 WL 3446870 (S.D.N.Y. June 24, 2020))). Plaintiff points to no intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Plaintiff's displeasure with the Court's ruling does not suffice to warrant reconsideration and therefore, this branch of his motion is denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 72.

**SO ORDERED:**

Dated: White Plains, New York
February 28, 2023

Philip M. Halpern
United States District Judge